# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ADVANCED ARCHITECTURAL METALS, INC., et al., | )<br>)<br>) |
| Plaintiffs, | ) Case No. 2:08-cv-00252-ECR-PAL<br>)<br>) **REPORT OF FINDINGS AND**<br>) **RECOMMENDATION** |
| vs. | )<br>) |
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on Plaintiffs' failure to comply with this court's Order to Show Cause (#16) requiring the plaintiffs to show cause, in writing, no later than May 20, 2008 why sanctions should not be imposed for their failure to file a Certificate of Interested Parties and their failure to comply with the court's prior Order (#11). Having reviewed and considered the matter, the court makes the following findings:

1. This action was filed in state court on February 12, 2008 and removed (#1) to this court on February 27, 2008.

2. Plaintiffs did not file a Certificate of Interested Parties as required by LR 7.1-1.

3. The court entered an order (#11) on April 14, 2008 requiring plaintiffs to file their Certificate of Interested Parties no later than 4:00 p.m., April 25, 2008. The court's order (#11) stated that failure to comply may result in the issuance of an order to show cause why sanctions should not be imposed. The order also advised Plaintiffs of the requirements for filing a Certificate of Interested Parties under LR 7.1-1.

///

|   |   |   |
|---|---|---|
| 1 | 4. | Plaintiffs did not file a Certificate of Interested Parties by 4:00 p.m., April 25, 2008 as required by LR 7.1-1 and the court's order (#11). |
| 3 | 5. | On May 6, 2008, the court entered an Order to Show Cause (#16) requiring Plaintiffs to show cause, in writing, no later than May 20, 2008, why sanctions should not be imposed for their failure to file a Certificate of Interested Parties and their failure to comply with this court's Order (#11).  The Order to Show Cause (#16) stated that the purpose of the Certificate is to advise the court of all parties who may have an interest in the outcome of the case so that the assigned judges may evaluate whether they have a conflict of interest which requires recusal.  The court advised Plaintiffs that failing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the court's orders may result in sanctions up to and including case dispositive sanctions. |
| 12 | 6. | To date Plaintiffs have not filed a Certificate of Interested Parties or shown cause, in writing, why sanctions should not be imposed for their failure to file a Certificate of Interested Parties and their failure to comply with this court's orders (## 11, 16). |
| 15 | 7. | A Certificate as to Interested Parties, required by LR 7.1-1, is necessary to enable the judges who have been assigned to this case to evaluate possible recusal.  Filing the Certificate is a simple matter.  If Plaintiffs are the only entities or individuals who have an interest in the outcome of this case, other than the Defendants, they must simply provide a statement to the court to this effect. |
| 20 | 8. | The court may dismiss an action for failure to prosecute, contempt of court, or abusive litigation practices. <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 916 (9th Cir. 1987).  Dismissal is proper where the party's conduct is due to willfulness, bad faith, or fault, and there is a nexus between the misconduct and the matters in controversy such that the rightful decision of the case is threatened. <u>Anheuser-Busch v. Natural Beverage Distrib.</u>, 69 F.3d 337, 348 (9th Cir. 1995).  The court must weigh the following factors before imposing dismissal: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the party seeking sanctions; 4) the public policy favoring disposition of cases on their merits; and 5) the |

availability of less drastic measures.  Id.  Dismissal ensures the integrity of the court's orders and the orderly administration of justice.  Halaco Engineering Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988).

11. Plaintiffs were served with a copy of each of the court's orders (## 11, 16) requiring them to file a Certificate as to Interested Parties, were given sufficient time to comply with the court's orders, and were advised that failure to comply with the court's orders could result in sanctions up to and including case dispositive sanctions.

12. Plaintiffs' willful failure to file the Certificate as to Interested Parties and comply with the court's orders is an abusive litigation practice that has prevented the court from evaluating possible recusal, interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Plaintiffs have wilfully refused to comply with multiple court orders and the Local Rules of Practice.

For the foregoing reasons,

**IT IS RECOMMENDED** that this case be DISMISSED for Plaintiffs' failure to file a Certificate of Interested Parties and comply with multiple court orders (## 11, 16) and LR 7.1-1.

Dated this 11th day of June, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE